No. 9201
Orleans

---

MISS NATALIE V. SCOTT, ET AL., v. JOSEPH A. BRENNAN AND HIS WIFE

---

(February 15, 1926. Opinion and Decree.)
(March 1, 1926. Rehearing Refused.)
(Writ granted. See Supreme Court Record)

---

*(Syllabus by the Court.)*

1. Louisiana Digest—Fixtures—Par. 1, 2.
   A water heater actually attached to a building and connected with the water pipes and heating thereof is "an immovable by its nature" within the meaning and purview of Article 467 of

the Revised Civil Code, as amended by Act 51 of 1912.

**2. Louisiana Digest—Fixtures—Par. 8, 11, 12.**

A purchaser of a building may recover such a fixture or its replacement value when it is unlawfully removed by the former owner as vendor of the building.

Appeal from Civil District Court, Div. "C", Hon. E. K. Skinner, Judge.

This is a suit for damages for the removal of a water heater which was attached to and formed part of a certain building, sold by the defendants. There was judgment for plaintiffs, and defendants appealed. Judgment affirmed.

R. B. Montgomery and W. H. McClendon, of New Orleans, attorneys for plaintiffs, appellees.

H. W. Robinson of New Orleans, attorney for defendants, appellants.

BELL, J. Plaintiffs sue defendants in damages for removal of a water heater which plaintiffs allege was attached to and formed part of a certain building sold to them by defendants. The court a qua awarded plaintiffs the replacement value of the heater in the amount as claimed, but denied other damages. Defendants have appealed. Plaintiffs have not answered the appeal.

There is some conflict of testimony as to whether there was any agreement or representation concerning the heater or its retention by the vendor when selling the building. No such stipulation appears to have been made in the act of sale by which the building and appurtenances were conveyed to plaintiffs.

Defendants, answering the petition, admit that they sold plaintiff the property and improvements described; they deny that the heater was included in the act of sale, and aver that the heater belonged to one of the defendants herein, who re-

moved it when vacating the property. This defendant, as the sole witness for defendants, states that he removed the heater because he considered it to be his property; that its value, eleven years ago, was about $12.00, and that he believes he purchased it at auction for $5.00. The evidence is clear that the heater was attached by the defendants as owners of the building to the water pipes and heating pipes of the building, and that these connections ran to four bathrooms on the several floors of the property. Considering the emergency which required that plaintiffs' should immediately replace the heater with another of equal capacity in order to accommodate several tenants in the building, and further considering that the heater bought by plaintiffs for this purpose was only a second-hand fixture, a fact indicating plaintiffs' desire to minimize the damage resulting from the removal of the old heater, we are unable to agree with the contention of appellant that the amount allowed by the trial judge was excessive.

The important issue presented on appeal is one of law, as to whether, under the provisions of Act 51 of 1912, the fixtures here involved passed to the plaintiffs as an immovable forming part of the property or building conveyed to them by defendants. The Act reads as follows:

"Section 1. Be it enacted by the General Assembly of the State of Louisiana, that Article 467 (458) of the Revised Civil Code of Louisiana be amended and re-enacted so as to read as follows:

"Art. 467 (458). Wire screens, water pipes, gas pipes, sewerage pipes, heating pipes, radiators, electric wires, electric and gas lighting fixtures, bathtubs, lavatories, closets, sinks, gas plants, meters and electric light plants, heating plants and furnaces, when actually connected with or attached to the building by the owner for the use or convenience of the building, are immovable by their nature.

"Section 2. Be it further enacted, etc.,

that no court shall have jurisdiction or power to declare that any such articles above referred to are movables and treat them as such."

It is contended by counsel for appellant that the foregoing provision of the Act which nominated the several objects or things which are to be considered immovable is in no sense illustrative, but, on the contrary, is in every way restrictive, and that if the lawmaker, after naming the various things referred to in the Act as immovables, had added the words, "et cetera," or the words, "or other similar things connected to the building,". it might be argued that water heaters were included, but no such expressions having been used, the Court cannot supply them. We do not give to the Act such a restricted judicial interpretation, for it is plain that the fixture involved in this case is such as was contemplated by the Legislature. It should be noted that in the second section of the Act, the provision is made, "that no court shall have jurisdiction or power to declare that any *such* articles above referred to are movables." (Italics ours.)

The learned judge of the trial court did not err in applying the provisions of the aforesaid Act to the instant case.

It is therefore ordered that the judgment appealed from be affirmed, at defendant's cost, in both courts.